UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN BENYO | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-392 |
| v. | : | (MANNION, D.J.) |
| ANDREW SAUL, Commissioner of Social Security,[1] | : | (MEHALCHICK, M.J.) |
| | : | |
| Defendant | | |

## ORDER

Before the court is the report and recommendation ("Report") of Magistrate Judge Karoline Mehalchick, wherein she recommends that the decision of the Commissioner of Social Security ("Commissioner") be vacated and that this case be remanded for a rehearing before a different Administrative Law Judge ("ALJ"). (Doc. 24). No objections have been filed to the Report.

When no objections are made to the report and recommendation of a magistrate judge, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee's note; *see also*

---

[1] On June 17, 2019, Andrew Saul was sworn in as the Commissioner of the Social Security Administration. Pursuant to Fed.R.Civ.P. 25(d), he has been substituted as the defendant in this case.

*Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. L.R. 72.31.

The plaintiff Brian Benyo's ("Benyo") administrative hearing was conducted by ALJ Michelle Wolfe on January 9, 2018. (Doc. 9-2, at 49). On July 20, 2018, ALJ Wolfe issued a decision partially denying Benyo's request for social security disability insurance benefits and supplemental security income. (Doc. 9-2, at 24-44).[2] One month earlier, however, on June 21, 2018, the United States Supreme Court held that an ALJ of the Securities and Exchange Commission qualifies as an "Officer of the United States"

---

[2] The decision found that Benyo had been disabled from November 1, 2003, through September 30, 2006, but was no longer disabled as of October 1, 2006. (Doc. 9-2, at 24-44). Plaintiff sought review of ALJ Wolfe's decision but, prior to that, the Office of Disability Operations issued a "protest memorandum," stating, "We are unable to effectuate the [ALJ]'s decision as it contains an error in law." (Doc. 9-4, at 50). On September 4, 2018, the Social Security Appeals Council issued a decision affirming ALJ Wolfe's decision as to the dates of disability and medical improvement, but ultimately concluding that Benyo was not entitled to benefits because the period of disability occurred more than twelve months before he filed his application. (Doc. 9-2, at 5-16).

subject to the Appointments Clause of the United States Constitution. *Lucia v. S.E.C.*, 138 S.Ct. 2044, 2055 (2018). Then, on July 13, 2018, in response to *Lucia*, the President of the United States of America issued an executive order concluding that "at least some—and perhaps all—ALJs are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause, which governs who may appoint such officials. Exec. Order No. 13,843, 83 Fed.Reg.32,755 (July 13, 2018). A few days later, "the Acting Commissioner of Social Security conceded the premise and in short order reappointed the agency's administrative judges . . . under her own authority." *Cirko* ex rel. *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 152 (3d Cir.2020); see Soc. Sec. Ruling 19-1p, 2019 WL 2019 WL 1324866, at *2.

In short, at the time ALJ Wolfe heard Benyo's case, she was not properly appointed under the Appointments Clause of the Constitution and, thus, Benyo is entitled to a new hearing before a different constitutionally-appointed ALJ. See *Cirko*, 948 F.3d at 159 (affirming the district court's decision and remanding cases "to the Social Security Administration for new hearings before constitutionally appointed ALJs other than those who presided over Appellees' first hearings.").

The court has reviewed Judge Mehalchick's assessment of the instant case and agrees with the sound reasoning which led her to the conclusions

in her Report. Further, the court finds no clear error on the face of the record. Accordingly, the court adopts the reasoning of Judge Mehalchick as the opinion of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The Report of Judge Mehalchick, (Doc. 35), is **ADOPTED IN ITS ENTIRETY**;

**(2)** Benyo's appeal of the final decision of the Commissioner denying his claim for disability insurance benefits and supplemental security income, (Doc. 1), is **GRANTED**, and the Commissioner's decision is **VACATED**;

**(3)** This case is **REMANDED** to the Commissioner for a new hearing before a different constitutionally-appointed ALJ, other than ALJ Michelle Wolfe, for a new decision as to Benyo's claim for disability insurance benefits and supplemental security income; and

**(4)** the Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 8, 2020**
19-392-01